IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHIH-YI LI, and others similarly )
situated, )
 )
    Plaintiffs, )   Case No.:
 )   6:19-cv-1249-Orl-31TBS
vs. )
 )
ROGER HOLLER CHEVROLET CO., )
et al., )
 )
    Defendants. )
_____)

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, SHIH-YI LI, and others similarly situated, hereby sue the Defendant, ROGER HOLLER CHEVROLET CO., AUDI NORTH ORLANDO, CLASSIC HONDA, CLASSIC MAZDA, MAZDA LAKELAND, HOLLER HYUNDAI, GENESIS NORTH ORLANDO, DRIVER'S MART WINTER PARK, and DRIVER'S MART SANFORD and allege as follows:

1. This action is to recover uncovered wages and benefits, liquidated damages, compensatory damages, reinstatement, prejudgment interest, and attorney's fees and costs in violation of the Fair Labor Standards Act (FLSA), the Florida Constitution Article X, Section 24, the Florida Whistleblower Act and Family Medical Leave Act (FMLA).

JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction of the FLSA and FMLA claims pursuant to 28 U.S.C. §1331.

Case 6:19-cv-01249-GAP-EJK   Document 28   Filed 11/20/19   Page 2 of 15 PageID 186

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **2** of **15**

3.  The Court has supplemental jurisdiction of the state claims pursuant to 28 U.S.C. §1367(a).

4.  Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims that underlie this action occurred in this judicial District.

## PARTIES

5.  Plaintiff LI is a resident of Orange County, Florida.

6.  Each named or represented Plaintiff was employed by one of the Defendants as an salesperson during all times relevant to this action and were Defendants' employees within the meaning of the FLSA and the Florida Constitution. 29 U.S.C. §203(e).

7.  Plaintiff LI is an eligible employee within the meaning of the FMLA. 29 U.S.C. §2611(2).

8.  At all times relevant to this action, Plaintiffs were engaged in commerce because they handled, used or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

9.  Defendant, ROGER HOLLER CHEVROLET CO., d/b/a HOLLER DRIVER'S MART (hereinafter "ROGER HOLLER CHEVROLET CO.") is a Florida corporation that owned, operated and controlled a business and continues to do so in this judicial District.

Case 6:19-cv-01249-GAP-EJK   Document 28   Filed 11/20/19   Page 3 of 15 PageID 187

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **3** of **15**

10. Defendant, AUDI NORTH ORLANDO, is a Florida corporation that owned, operated and controlled a business and continues to do so in this judicial District.

11. Defendant, CLASSIC HONDA, is a Florida corporation that owned, operated and controlled a business and continues to do so in this judicial District.

12. Defendant, HOLLER HONDA, is a Florida corporation under a fictitious name that owned, operated and controlled a business and continues to do so in this judicial District.

13. Defendant, CLASSIC MAZDA, is a Florida corporation that owned, operated and controlled a business and continues to do so in this judicial District.

14. Defendant, MAZDA LAKELAND, is a Florida corporation that owned, operated and controlled a business and continues to do so in this judicial District.

15. Defendant, HOLLER HYUNDAI, is a Florida corporation that owned, operated and controlled a business and continues to do so in this judicial District.

16. Defendant, GENESIS NORTH ORLANDO, is a Florida corporation under a fictitious name that owned, operated and controlled a business and continues to do so in this judicial District.

17. Defendant, DRIVER'S MART WINTER PARK, is a Florida corporation under a fictitious name that owned, operated and

Case 6:19-cv-01249-GAP-EJK   Document 28   Filed 11/20/19   Page 4 of 15 PageID 188

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **4** of **15**

controlled a business and continues to do so in this judicial District.

18. Defendant, DRIVER'S MART SANFORD, is a Florida corporation under a fictitious name that owned, operated and controlled a business and continues to do so in this judicial District.

19. Defendant, ROGER HOLLER CHEVROLET CO., is a Florida corporation that owned, operated and controlled a business and continues to do so in this judicial District.

20. Upon information and belief, at all times relevant to this action, the Defendants have been an enterprise engaged in commerce within the meaning of the FLSA in that each 1) has or had employees engaged in commerce or in the production of goods or materials that have been moved in or produced for commerce by any person; and 2) its annual gross volume of sales or business is not less than $500,000.

21. Upon information and belief, at all times relevant to this action, the Defendants were an employer as defined by the FLSA and Florida Statutes Chapter 448.

22. Upon information and belief, at all times relevant to this action, the Defendants maintained and operated a business located within the geographical jurisdiction of this Court.

Case 6:19-cv-01249-GAP-EJK   Document 28   Filed 11/20/19   Page 5 of 15 PageID 189

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **5** of **15**

## CLASS ALLEGATIONS

23. The named Plaintiff is similarly situated to an unknown number of other salespersons who work or have worked for the Defendants during any part of the past five years.

24. The Plaintiffs work under a commission plan which does not guarantee the payment of minimum wage for each hour worked by the Plaintiffs. (Ex. 1)

25. The Plaintiffs are compensated for minimum wage for each hour worked (overtime wages are not paid), referred to as a "draw."

26. The Plaintiffs were paid a $200 commission for each car sold.

27. However, if the Plaintiffs commissions were less than the "draw," they were considered "in the bucket," and the difference was deducted from the Plaintiffs' paychecks.

28. Oftentimes, this policy resulted in the Plaintiffs owing the Defendant money at the end of the pay period and thus the Plaintiffs received no pay for the hours worked.

29. Plaintiff has engaged the services of the undersigned attorney and has agreed to pay all reasonable fees, costs, and litigation expenses.

## PLAINTIFF LI'S ADDITIONAL ALLEGATIONS

30. The Defendant is an employer as defined by the Florida Whistleblower Statute. Fla. Stat. §448.101(3).

Case 6:19-cv-01249-GAP-EJK   Document 28   Filed 11/20/19   Page 6 of 15 PageID 190

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **6** of **15**

31. Plaintiff LI was an employee of the Defendant HOLLER HONDA and HOLLER DRIVER'S MART as defined by the Florida Whistleblower Statute. Fla. Stat. §448.101(2).

32. The Defendant is an employer as defined by the FMLA. 29 U.S.C. §2611(4).

33. Plaintiff LI was an eligible employee of the Defendant HOLLER HONDA and HOLLER DRIVER'S MART as defined by the FMLA. 29 U.S.C. §2611(2).

34. Plaintiff LI was employed by the Defendant HOLLER HONDA from September 9, 2013 until the termination of his employment in December 2014.

35. Plaintiff LI's supervisor indicated that the termination was based upon poor performance, but did not provide a termination letter or other documentation regarding the termination.

36. Plaintiff LI was hired by ROGER HOLLER CHEVROLET CO. in February 2015. Plaintiff LI was not employed by any of the Defendants between the termination of his employment from HOLLER HONDA in December 2014 and his hire by ROGER HOLLER CHEVROLET CO. in February 2015 and received no pay during that period of time. (See Ex. 2) Plaintiff LI was not "transferred" to the second position.

37. Plaintiff LI interviewed with Sales Manager Patrick Pimentel and General Manager Phil Collins on February 4, 2015

Case 6:19-cv-01249-GAP-EJK   Document 28   Filed 11/20/19   Page 7 of 15 PageID 191

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **7** of **15**

and executed an employment agreement the same day, which governed Plaintiff LI's employment with ROGER HOLLER CHEVROLET CO.. (Ex. 4)

38. The employment agreement did not include any reference to arbitration or any requirement to arbitrate disputes under the agreement. (Id.)

39. The employment agreement expressly states that the "parties hereby consent to the exclusive and personal jurisdiction of the federal or state courts located in Orange County, Florida." (Id., ¶22)

40. Plaintiff LI complained to the Defendant ROGER HOLLER CHEVROLET CO. on multiple occasions of conduct that was in violation of a law, rule or regulation.

41. Specifically, Plaintiff LI complained that the Defendant ROGER HOLLER CHEVROLET CO. was committing fraud upon the public by consistently advertising and advising customers that the salespersons were not paid on a commission basis (which they were) and by establishing a "bait and switch" scheme where the Defendant would advertise automobiles for sale that they never had in their inventory. When a customer came to purchase the advertised automobile, the Defendant ROGER HOLLER CHEVROLET CO. directed its salespersons to convince the customer to purchase a different automobile.

Case 6:19-cv-01249-GAP-EJK   Document 28   Filed 11/20/19   Page 8 of 15 PageID 192

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **8** of 15

42. On or about November 8, 2018, Plaintiff Li requested in writing medical leave of absence from his employment with the Defendant ROGER HOLLER CHEVROLET CO. from November 20 through December 10, 2018. (Ex. 3)

43. The Defendant ROGER HOLLER CHEVROLET CO. knew, or should have known, that Plaintiff LI was entitled to the medical leave pursuant to the FMLA. 29 U.S.C. §2612(a)(1)(D).

44. The Defendant ROGER HOLLER CHEVROLET CO. did not respond to Plaintiff LI's request for medical leave.

45. Instead, the Defendant ROGER HOLLER CHEVROLET CO. terminated Plaintiff LI's employment in November 2018.

## COUNT I: FLSA MINIMUM WAGE AGAINST ALL DEFENDANTS

46. The Plaintiffs reiterate Paragraphs 1- 45 as if fully rewritten herein.

47. The Defendants failed to pay the Plaintiffs the minimum wages due pursuant to the FLSA as described in Section 6(a) of the FLSA.

48. Specifically, when the Plaintiffs failed to earn enough commission to exceed the draw they earned, they were considered "in the bucket" and the deficiency was deducted from the Plaintiffs' paychecks. At times, the Plaintiffs were considered to owe the Defendants money at the end of the pay period and were not paid any money for the hours worked.

Case 6:19-cv-01249-GAP-EJK   Document 28   Filed 11/20/19   Page 9 of 15 PageID 193

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **9** of **15**

49. The Plaintiffs were damaged by the Defendants' failure to pay them the federal minimum wage.

50. The Defendants are or should have been aware that each must pay the Plaintiffs minimum wage for each hour worked.

WHEREFORE, the Plaintiffs respectfully demand the Court:

   a. Take jurisdiction of this matter;

   b. Award the Plaintiffs all wages found due and owing for the past three years;

   c. Award the Plaintiffs an additional amount equal to the unpaid minimum wages due and owing as liquidated damages;

   d. Award the Plaintiffs prejudgment interest;

   e. Award the Plaintiffs a reasonable attorney's fees and costs pursuant to the FLSA; and

   f. Award the Plaintiffs any other relief as the Court deems just and equitable.

**COUNT II: FLORIDA CONSTITUTION AGAINST ALL DEFENDANTS**

51. The Plaintiffs reiterate Paragraphs 1- 45 as if fully rewritten herein.

52. Title X, Section 24 of the Florida Constitution states, in relevant part: "Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida." Fla. Const. Title X, §24(c).

53. The Section further states:

Case 6:19-cv-01249-GAP-EJK   Document 28   Filed 11/20/19   Page 10 of 15 PageID 194

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **10** of **15**

> Persons aggrieved by a violation of this amendment may bring a civil action in a court of competent jurisdiction against an Employer or person violating this amendment and, upon prevailing, shall recover the full amount of any back wages unlawfully withheld plus the same amount as liquidated damages, and shall be awarded reasonable attorney's fees and costs. In addition, they shall be entitled to such legal or equitable relief as may be appropriate to remedy the violation including, without limitation, reinstatement in employment and/or injunctive relief. Any Employer or other person found liable for willfully violating this amendment shall also be subject to a fine payable to the state in the amount of $1000.00 for each violation. The state attorney general or other official designated by the state legislature may also bring a civil action to enforce this amendment. Actions to enforce this amendment shall be subject to a statute of limitations of four years or, in the case of willful violations, five years...

Fla. Const. Title X, §24(e).

54. The Defendants failed to pay the Plaintiffs the minimum wages due pursuant to the Florida Constitution as described in Title X, Section 24.

55. Specifically, when the Plaintiffs failed to earn enough commission to exceed the draw they earned, they were considered "in the bucket" and the deficiency was deducted from the Plaintiffs' paychecks. At times, the Plaintiffs were considered to owe the Defendants money at the end of the pay period and were not paid any money for the hours worked.

Case 6:19-cv-01249-GAP-EJK Document 28 Filed 11/20/19 Page 11 of 15 PageID 195

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **11** of **15**

56. The Plaintiffs were damaged by the Defendants' failure to pay them the state minimum wage.

57. The Defendants are or should have been aware that it must pay the Plaintiffs minimum wage for each hour worked.

WHEREFORE, the Plaintiffs respectfully demand the Court:

    a. Take jurisdiction of this matter;

    b. Award the Plaintiffs all wages found due and owing for the past five years;

    c. Award the Plaintiffs an additional amount equal to the unpaid minimum wages due and owing as liquidated damages;

    d. Award the Plaintiffs prejudgment interest;

    e. Award the Plaintiffs a reasonable attorney's fees and costs pursuant to the Constitution; and

    f. Award the Plaintiffs any other relief as the Court deems just and equitable.

## COUNT III: FLORIDA WHISTLEBLOWER ACT AGAINST ROGER HOLLER CHEVROLET CO.[1]

58. Plaintiff LI reiterates Paragraphs 1- 45 as if fully rewritten herein.

59. The Plaintiff complained to the Defendant ROGER HOLLER CHEVROLET CO. on multiple occasions regarding conduct by the Defendant that was in violation of law, rule, or regulation.

---

[1] This Count applies to Plaintiff LI only.

Case 6:19-cv-01249-GAP-EJK Document 28 Filed 11/20/19 Page 12 of 15 PageID 196

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **12** of **15**

60. Specifically, but not as a limitation, Plaintiff LI complained of the Defendant ROGER HOLLER CHEVROLET CO.'s continuous fraud upon the public, detailed above.

61. The Defendant ROGER HOLLER CHEVROLET CO. terminated the Plaintiff's employment in November 2018.

62. The Plaintiff's protected activity, i.e., complaining of the Defendant ROGER HOLLER CHEVROLET CO.'s fraud upon the public, was a motivating factor in the decision to terminate the Plaintiff's employment.

63. The Plaintiff has suffered, and continues to suffer, damages as a result of the Defendant ROGER HOLLER CHEVROLET CO.'s unlawful conduct.

64. The Plaintiff has also suffered, and continues to suffer, from mental pain and anguish and damage to his professional and personal reputation as a result of the Defendant ROGER HOLLER CHEVROLET CO.'s unlawful conduct.

WHEREFORE, Plaintiff LI respectfully demands the Court:

    a.    Take jurisdiction of this matter;

    b.    Award Plaintiff LI back wages and the value of lost benefits due to the Defendant ROGER HOLLER CHEVROLET CO.'s unlawful conduct;

    c.    Award Plaintiff LI compensatory damages;

    d.    Award Plaintiff LI prejudgment interest;

Case 6:19-cv-01249-GAP-EJK Document 28 Filed 11/20/19 Page 13 of 15 PageID 197

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **13** of **15**

  e. Order the Defendant ROGER HOLLER CHEVROLET CO. to reinstate Plaintiff LI to his former position, or in the alternative, award front pay;

  f. Award Plaintiff LI a reasonable attorney's fees and costs pursuant to the Fla. Stat. §448.104; and

  g. Award Plaintiff LI any other relief as the Court deems just and equitable.

### COUNT IV: FAMILY MEDICAL LEAVE ACT[2]

65. Plaintiff LI reiterates Paragraphs 1- 45 as if fully rewritten herein.

66. Plaintiff LI requested medical leave from employment from November 20 through December 10, 2018 to undergo gum surgery.

67. The Plaintiff was eligible for the leave pursuant to 29 U.S.C. §2612(a)(1)(D).

68. The Defendant ROGER HOLLER CHEVROLET CO. did not respond to Plaintiff LI's request for leave, but instead terminated his employment shortly after he made the request in November 2018.

69. The Plaintiff's request for medical leave was a motivating factor in the Defendant ROGER HOLLER CHEVROLET CO.'s decision to terminate the Plaintiff's employment.

---

[2] This Count applies only to Plaintiff LI.

Case 6:19-cv-01249-GAP-EJK   Document 28   Filed 11/20/19   Page 14 of 15 PageID 198

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **14** of **15**

70. The Plaintiff has suffered, and continues to suffer, damages as a result of the Defendant ROGER HOLLER CHEVROLET CO.'s unlawful conduct.

71. The Plaintiff has also suffered, and continues to suffer, from mental pain and anguish and damage to his professional and personal reputation as a result of the Defendant ROGER HOLLER CHEVROLET CO.'s unlawful conduct.

WHEREFORE, Plaintiff LI respectfully demands the Court:

   a.   Take jurisdiction of this matter;

   b.   Award Plaintiff LI back wages and the value of lost benefits due to the Defendant's unlawful conduct;

   c.   Award Plaintiff LI liquidated damages;

   d.   Award Plaintiff LI compensatory damages;

   e.   Award Plaintiff LI prejudgment interest;

   f.   Order the Defendant ROGER HOLLER CHEVROLET CO. to reinstate Plaintiff LI to his former position, or in the alternative, award front pay;

   g.   Award Plaintiff LI a reasonable attorney's fees and costs pursuant to the 29 U.S.C. §2617(a)(3); and

   f.   Award Plaintiff LI any other relief as the Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Case 6:19-cv-01249-GAP-EJK Document 28 Filed 11/20/19 Page 15 of 15 PageID 199

*Li v. Roger Holler Chevrolet Co. et al.*; Case No. 6:19-cv-01249-GAP-EJK; CPLS Matter No. 3573-1
Amended Complaint and Demand for Jury Trial; Page **15** of **15**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this the 20th day of November, 2019 I filed the foregoing document with the CM/ECF System, which will serve electronic notice upon: Frank Hamner, Frank Hamner, P.A., 1011 N. Wynmore Rd., Winter Park, FL 32789 (fhamner@fahpa.com) and Sherril Columbo, Miguel Morel, Littler Mendelson, P.C., 333 S.E. 2nd Ave., Ste. 2700, Miami, FL 33131 (scolombo@littler.com, mamorel@littler.com).

**CPLS, P.A.**

Attorneys│Consultants│Mediators
201 East Pine Street, Suite 445
Orlando, Florida 32801
(407) 647-7887
(407) 647-5396 Fax
CPLS File No. 3573-1
*Attorneys for Plaintiff*

_____
Melissa C. Mihok, Esq.
Florida Bar No. 555851
mmihok@cplspa.com
courtefiling@cplspa.com