UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHIH-YI LI,**

    **Plaintiff,**

v.                Case No: 6:19-cv-1249-Orl-31EJK

**ROGER HOLLER CHEVROLET CO.,
AUDI NORTH ORLANDO, CLASSIC
HONDA, CLASSIC MAZDA, MAZDA
LAKELAND, HOLLER HYUNDAI,
GENESIS NORTH ORLANDO,
DRIVER'S MART WINTER PARK and
DRIVER'S MART SANFORD,**

    **Defendants.**

## ORDER

  This matter comes before the Court on the Motion to Compel Arbitration and Dismiss (Doc. 29) filed by Roger Holler Chevrolet Co., Audi North Orlando, Classic Honda, Classic Mazda, Mazda Lakeland, Holler Hyundai, Genesis North Orlando, Driver's Mart Winter Park and Driver's Mart Sanford (collectively, "**Defendants**"); the Report and Recommendation ("**Report**") (Doc. 52) issued by Magistrate Judge Embry J. Kidd; the Objection to the Report (Doc. 57) filed by Shih-Yi Li ("**Plaintiff**"); and the Response to the Objection (Doc. 58) filed by Defendants.

  Upon *de novo* review of the above, the Court finds that the Report is due to be adopted in part and rejected in part.

**I.  Background**

  On August 20, 2013, Plaintiff applied for a car salesman position at Holler Honda—one of several dealerships belonging to the Holler Classic Automotive Group. (Doc. 21-1, ¶ 6). As part of the application process, Plaintiff executed and submitted an "**Application for Employment**" and

its incorporated "**Applicant Statement and Agreement**". (Doc. 47-1 at 1–6). In doing so, Plaintiff agreed to resolve all disputes arising from his employment by binding arbitration. Specifically, Plaintiff agreed that:

> any claim, dispute, and/or controversy . . . between [him] and the Company[1] (or its owners, directors, former managers, employees, agents, and parties affiliated with its employee benefit and health plans) arising from, related to, or having any relationship or connection whatsoever with [his] seeking employment with, employment by, or other association with the Company, whether based on tort, contract, statutory, or equitable law, or otherwise . . . . [would] be submitted to and determined exclusively by binding arbitration.

(*Id.* at 5 ("**Arbitration Provision**")).

Holler Honda ultimately hired Plaintiff on September 9, 2013, and Plaintiff worked there until his alleged termination in December 2014. (Doc. 28 ¶ 34). On February 4, 2015, Plaintiff interviewed for a position at Roger Holler Chevrolet Co. d/b/a Holler Driver's Mart ("**Holler Chevrolet**")—another dealership within the Honda Classic Automotive Group. (*Id.* ¶ 37; Doc. 30, ¶¶ 5–6). That same day, Plaintiff executed an employment agreement with Holler Chevrolet. (*Id.* ¶ 37; Doc. 46-2 at 67–69 ("**Employment Agreement**")). The Employment Agreement did not include an arbitration clause. (*See* Doc. 46-2 at 67–69).

While employed at Holler Chevrolet, Plaintiff made "multiple" complaints against the dealership. (Doc. 28, ¶ 40). For instance, he complained that Holler Chevrolet was committing fraud on the public by, *inter alia*, baiting customers to the store with advertisements of vehicles that Holler Chevrolet never had in its inventory, and then convincing those same customers to purchase other vehicles once they patronized the store. (Doc. 28, ¶ 41). In November 2018, Plaintiff requested three

---

[1] "Company" is not explicitly defined in the Applicant Statement and Agreement, the Application for Employment lists "Holler Honda" next to "Company name," not Holler Chevrolet

weeks of medical leave. (*Id.* ¶¶ 42). That same month, Holler Chevrolet terminated Plaintiff's employment, without responding to his request for medical leave. (*Id.* ¶¶ 44–45).

The following year, Plaintiff filed suit against the named Defendants.[2] (Doc. 1). In the Amended Complaint (Doc. 28), Plaintiff asserts claims against Defendants for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the Florida Constitution, Article X, Section 24 (*see* Counts I and II). He also brings claims against Holler Chevrolet for retaliation in violation of the Florida Whistleblower Act, § 448.102, Florida Statutes, and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (*see* Counts III and IV).

Following the filing of Plaintiff's Amended Complaint (Doc. 28), Defendants moved the Court to compel arbitration and dismiss Plaintiff's case on grounds that: (1) Plaintiff agreed to arbitrate all claims arising from his employment with Holler Chevrolet by executing the Application Statement and Agreement containing the Arbitration Provision; and (2) Plaintiff lacked standing to assert claims against any defendants except Holler Chevrolet, as it is the only defendant that allegedly caused him injury. (Doc. 34).

In response, Plaintiff argued that the Court should not compel arbitration because: (1) neither Holler Chevrolet nor any of the other Defendants were signatories to the Applicant Statement and Agreement; and (2) Holler Honda terminated his employment, which effectively terminated any requirement to arbitrate. (Doc. 34 at 2). Plaintiff did not address or dispute his lack of standing as to the non-Holler Chevrolet defendants.

On December 4, 2019, the Court referred Defendants' motion to Judge Kidd. Upon consideration of the parties' briefing and evidence submitted during an evidentiary hearing, Judge Kidd found that: (1) Plaintiff was transferred and not terminated by Holler Honda, (Doc. 52 at 9–

---

[2] Plaintiff does not bring suit against Holler Honda. (*See* Doc. 28).

11); (2) equitable estoppel operated to allow Holler Chevrolet to enforce the Arbitration Provision found in the Applicant Statement and Agreement, (*id.* at 4–9); and (3) Plaintiff lacked standing as to the non-Holler Chevrolet defendants, (*id.* at 11–12). Accordingly, Judge Kidd issued the Report recommending that the Court grant Defendants' motion. (*Id.* at 12).

Plaintiff objects. (Doc. 57). He contends that Judge Kidd's "findings that the [A]rbitration [Provision] between Holler Honda and the Plaintiff was applicable to his employment with Holler [Chevrolet] and that the Plaintiff was transferred rather than terminated are clearly erroneous."[3] (Doc. 57 at 2). Defendants have responded to Plaintiff's objection (Doc. 58), therefore, this matter is ripe for adjudication.

## II.   Legal Standards

### A.   Review of Report and Recommendations

In resolving objections to the recommendation of a magistrate judge, the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). *De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

### B.   Motions to Compel Arbitration

Under the FAA, a written arbitration provision in a "contract evidencing a transaction involving commerce" is "valid, irrevocable, and enforceable, save upon such grounds as exist at

---

[3] Plaintiff does not object to Judge Kidd's finding that he lacks standing as to the non-Holler Chevrolet defendants. Finding no clear error, the Court will adopt this finding.

law or in equity for the revocation of any contract." 9 U.S.C. 2. Accordingly, the FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (1) there is a valid agreement to arbitrate between the parties; and (2) the dispute in question falls within the scope of that arbitration agreement. *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (quoting 9 U.S.C. §§ 2-4).

[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). That said, "courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the intent of the parties." *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1419–20 (11th Cir. 1990). "[P]arties will not be required to arbitrate where they have not agreed to do so." *Id*.

### III. Analysis

With respect to Judge Kidd's reliance on equitable estoppel, the Court finds it unnecessary to rely on this doctrine because reference to the documents themselves is sufficient to resolve this dispute. In executing the Applicant Statement and Agreement, Plaintiff agreed that Holler Chevrolet could enforce the Arbitration Provision as a non-signatory affiliate of Holler Honda.[4] Specifically, Plaintiff authorized:

> the Company [i.e. Holler Honda] to share [his] Application for Employment with other affiliated companies/employers [e.g. Holler Chevrolet], and . . . agree[d] that all terms, conditions and/or agreements contained in [the] Applicant[] Statement and Agreement, or any other documents pertaining to [his] application for employment, [would] be enforceable . . . by such other companies/employers . . . even though [he] [had] not signed a separate . . . [a]greement for those other companies/employers.

---

[4] The evidence shows, and Plaintiff does not dispute, that Holler Chevrolet is affiliated with Holler Honda by way of their common ownership and control of Holler Classic Automotive Group. (Doc. 30, ¶ 5; Doc. 21-1, ¶ 6).

(Doc. 47-1 at 5).

However, the existence of an agreement to arbitrate is not the sole factor that the Court must consider in determining whether to compel arbitration. The Court must also determine whether the plaintiff's claims fall within the scope of the arbitration agreement. *Otis v. Arise Virtual Sols., Inc.*, No. 12-62143-CIV, 2013 WL 12106056, at *2 (S.D. Fla. Aug. 5, 2013). Here, they do not.

Plaintiff's claims lie outside the scope of the Arbitration Provision, which only requires Plaintiff to arbitrate claims arising from disputes "between [him] and the Company (or its owners, directors, former managers, employees, agents, and parties affiliated with its employee benefit and health plans) . . . ." (Doc. 47-1 at 5). While the term "Company" is not explicitly defined, the Application for Employment lists "Holler Honda" next to "Company name," not Holler Chevrolet. (*See* Doc. 47-1 at 1). Furthermore, there is no evidence that Holler Chevrolet is an owner, director, former manager, employee, agent, or party affiliated with Holler Honda's benefit and health plans. As such, Plaintiff cannot be compelled to arbitrate his claims against Holler Chevrolet.[5]

Moreover, the Court notes that the Employment Agreement is inconsistent with the Arbitration Provision in that it provides for a totally different manner of dispute resolution for claims between Plaintiff and Holler Chevrolet. The Employment Agreement states: "The parties hereby consent to the *exclusive* and personal jurisdiction of the federal or state courts located in Orange County, Florida." (Doc. 46-2 at 69 (emphasis added)). Since Holler Chevrolet specified a different

---

[5] *See Limonium Mar. S.A. v. Mizushima Marinera, S.A.*, No. 96 CIV. 1888 DC, 1999 WL 46721, at *5 (S.D.N.Y. Feb. 1, 1999) (explaining that "arbitration clauses providing that all disputes arising out of this contract are to be submitted to arbitration are broad enough to cover disputes involving" non-signatories. By contrast, "clauses requiring arbitration of disputes . . . between the contracting parties are too narrow to encompass disputes involving [non-signatories] and thus have been held to apply only to disputes between the particular parties identified in the arbitration clause") (internal citations and quotations omitted), *aff'd*, 201 F.3d 431 (2d Cir. 1999).

method of dispute resolution in Plaintiff's Employment Agreement, it would be illogical and inequitable to allow Holler Chevrolet to rely on the arbitration agreement pertaining to Holler Honda.[6]

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Judge Kidd's Report and Recommendation (Doc. 52) is **ADOPTED IN PART** and **REJECTED IN PART**, as set forth above.

2. Defendants' Motion to Compel Arbitration and Dismiss (Doc. 29) is **GRANTED IN PART**.

3. Plaintiff's Amended Complaint (Doc. 28) is **DISMISSED** as to Audi North Orlando, Classic Honda, Classic Mazda, Mazda Lakeland, Holler Hyundai, Genesis North Orlando, Driver's Mart Winter Park and Driver's Mart Sanford.

4. In all other respects, Defendants' motion is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 19, 2020.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[6] Having found that Plaintiff cannot be compelled to arbitrate his claims, the Court need not determine whether Plaintiff was transferred or terminated by Holler Honda.