# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHIH-YI LI,**

                    **Plaintiff,**

**v.**                                                    **Case No:  6:19-cv-1249-Orl-31EJK**

**ROGER HOLLER CHEVROLET CO.,**

                    **Defendant.**
_____

# CASE MANAGEMENT AND SCHEDULING ORDER

Having considered the case management report prepared by the parties, the Court enters this

case management and scheduling order:

| | |
|---|---|
| **Motions to Add Parties or to Amend Pleadings** | **JUNE 22, 2020** |
| **Disclosure of Expert Reports**                         **Plaintiff:**<br>**Defendant:** | **NOVEMBER 2, 2020**<br>**DECEMBER 1, 2020** |
| **Discovery Deadline** | **JANUARY 4, 2021** |
| **Dispositive Motions**<br>*The parties will be advised if paper copies of exhibits in support of motions will be required.* | **FEBRUARY 1, 2021** |
| ***Daubert* Motions**<br>*The parties will be advised if paper copies of exhibits in support of motions will be required.* | **MARCH 1, 2021** |
| **Mediation**                                              **Deadline:**<br>**Mediator:**<br>**Address:**<br><br><br><br>**Telephone:** | **APRIL 1, 2021**<br>**A. Michelle Jernigan**<br>**1060 Maitland Center**<br>**Commons, Suite 440**<br>**Maitland, FL 32751**<br>**(407) 661-1123** |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | **MAY 4, 2021** |
| **Joint Final Pretrial Statement** | **MAY 14, 2021** |
| **All Other Motions Including Motions *in limine*** | **MAY 28, 2021** |

| Final Pretrial Conference | Date: | JUNE 10, 2021 |
| | Time: | 1:30 PM |
| | Judge: | Judge Gregory A. Presnell |
| Trial Briefs and Color-Coded Deposition Designations | | JUNE 28, 2021 |
| Trial Term Begins | | JULY 6, 2021 at 9:15 AM |
| Estimated Length of Trial | | Three Days |
| Jury/Non-Jury | | Jury |
| Designated Lead Counsel Pursuant to Local Rule 9.04(a)(3) | Attorney Name: | Melissa C. Mihok |
| Lead Counsel Telephone Number | Telephone Number: | (407) 647-7887 |

The purpose of this Order is to discourage wasteful pretrial activities and to secure the just, speedy, and inexpensive determination of the action. This Order controls the subsequent course of this proceeding. Counsel and all parties (both represented and *pro se*) shall comply with the Federal Rules of Civil Procedure, the local rules of this court, and with the Administrative Procedures for Case Management/Electronic Case Filing. A copy of the Local Rules and Administrative Procedures may be viewed at http://www.flmd.uscourts.gov.

## I.   DISCOVERY

A.   **Certificate of Interested Persons and Corporate Disclosure Statement** – This Court has previously ordered each party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – may be denied or stricken unless the filing party has previously filed and served a Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate shall do so within the time required by this Order, or sanctions may be imposed.

B.   **Discovery Not Filed -** The parties shall not file discovery materials except as provided in Local Rule 3.03. The Court encourages the exchange of discovery by email or by other electronic means. *See* Local Rule 3.03(e).

C.   **Limits on Discovery -** Absent leave of Court, the parties may take no more than 10 depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A). Absent

- 2 -

leave of Court, the parties may serve no more than 25 interrogatories, including sub-parts. Fed.R.Civ.P. 33(a). Absent leave of the Court or stipulation by the parties, each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(1). The parties may agree by stipulation on other limits on discovery within the context of the limits and deadlines established by this Case Management and Scheduling Order, but the parties may not alter the terms of this Order without leave of Court. *See* Fed.R.Civ.P. 29.

D.     **Discovery Deadline -** Each party shall timely serve discovery requests so that the required response is due 20 days prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline.

E.     **Disclosure of Expert Testimony -** On or before the date set forth in the above table for the disclosure of expert reports, the parties shall fully comply with Federal Rule of Civil Procedure 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this Order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

F.     **Confidentiality Agreements -** The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for protective orders. The Court will enforce stipulated and signed confidentiality agreements. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." *See also* "Motions to File under Seal" below.

## II.     MOTIONS

A.     **Certificate of Good Faith Confidence -** *Before filing any motion in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion and shall file with the motion a statement certifying that the moving party has conferred with the opposing party and that the parties have been unable to agree on the resolution of the motion.* Local Rule 3.01(g). A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. No certificate is required in a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action. Nonetheless, the Court expects that a party alleging that a pleading fails to state a claim will confer with counsel for the opposing party before moving to dismiss and will agree to an order permitting the filing of a curative amended pleading. Fed.R.Civ.P. 15. The term "counsel" in Rule 3.01(g) includes *pro se* parties acting as their own counsel, thus requiring movants to confer with *pro se* parties and requiring *pro se* movants to file Rule 3.01(g) certificates. The term "confer" in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by email or letter. Counsel who merely "attempt" to confer have not "conferred." Counsel must respond promptly to inquiries and communications from opposing counsel. The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

B.    **Extension of Deadlines**

The parties may not extend deadlines established in this Case Management and Scheduling Order without the approval of the Court.

1.    **Dispositive Motions Deadline and Trial Not Extended –** Motions to extend the dispositive motions deadline or to continue the trial are disfavored.  *See* Local Rule 3.05(c)(2)(E).  A motion for a continuance of the trial is subject to denial if it fails to comply with Local Rule 3.09.  In light of the Court's trial calendar, a motion for summary judgment should be filed at least four months prior to the trial date.

2.    **Extensions of Other Deadlines Disfavored -** Motions for an extension of other deadlines established in this Order, including motions for an extension of the discovery period, are disfavored.  The deadline will not be extended absent a showing of good cause.  Fed.R.Civ.P. 16(b).  Failure to complete discovery within the time established by this Order shall not constitute cause for continuance.  A motion to extend an established deadline normally will be denied if the motion fails to recite that:  1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be used for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline. The filing of a motion for extension of time does not toll the time for compliance with deadlines established by Rule or Order.

C.    **Motions to Compel and for Protective Order -** Motions to compel and motions for a protective order will be denied unless the motion fully complies with Local Rule 3.04, requiring the motion to quote in full each interrogatory, question, or request; to quote in full opposing party's objection and grounds, or response which is asserted to be insufficient; and to state the reasons the motion should be granted.

D.    **Motions to File under Seal -** Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. Motions to file under seal are disfavored, and such motions will be denied unless they comply with Local Rule 1.09.

E.    **Memoranda in Opposition -** Each party opposing any written motion shall file, within **14** days after being served with such motion, a legal memorandum with citation of authorities in opposition to the relief requested.  Local Rule 3.01(b).  Where no memorandum in opposition has been filed, the Court may grant the motion as unopposed.

F.    **Emergency Motions -** The Court may consider and determine emergency motions at any time.  Local Rule 3.01(e).  Counsel should be aware that the designation "emergency" may cause a judge to abandon other pending matters in order to immediately address the "emergency." The Court may sanction any counsel or party who designates a motion as an "emergency" under circumstances that are not a true emergency.  *Id.*  Promptly after filing an emergency motion, counsel shall contact the chambers of the presiding judge to notify the Court that an emergency motion has been filed.

G.     **Page Limit -** No party shall file a motion and supporting memorandum in excess of 25 pages or a response in excess of 20 pages except by permission of the Court.  Local Rule 3.01(a) and (b).  Motions for relief from page limitations are disfavored and will not be granted without a specific showing of good cause.

H.     **Motions for Summary Judgment Required Materials -** A motion for summary judgment shall specify the material facts as to which the moving party contends there is no genuine issue for trial, and shall be accompanied by a memorandum of law, affidavits, and other evidence in the form required by Fed.R.Civ.P. 56.  The motion for summary judgment and supporting memorandum of law shall be presented in a single document of not more than 25 pages.  Local Rule 3.01(a).  Each party opposing a motion for summary judgment shall file and serve, within **30** days after being served with such motion, a legal memorandum with a citation of authorities in opposition to the relief requested of not more than 20 pages.  *Id.*  The memorandum in opposition shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence in the form required by Fed.R.Civ.P. 56. The moving party may file a reply memorandum,  not exceeding 10 pages, within **14 days** after the response is served. Both the movant and the party opposing summary judgment shall provide pinpoint citations to the pages and lines of the record supporting each material fact.  General references to a deposition are inadequate. On or before the date on which the memorandum in opposition is due, the parties may also file a stipulation of agreed material facts signed by the movant and the parties opposing summary judgment pursuant to Local Rule 4.15.  Material facts set forth in the stipulation will be deemed admitted for the purposes of the motion.

I.     ***Daubert* and *Markman* Motions -**  On or before the date established in the above table for the filing of motions for summary judgment, any party seeking a ruling pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (admissibility of expert opinions) or pursuant to *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996) (interpretation of a patent claim) shall file an appropriate motion.  The parties shall prepare a glossary of technical or scientific terms where appropriate for the Court.

J.     **All Other Motions Including Motions** *in limine*[1] **-** On or before the date established in the above table, the parties shall file and serve all other motions including motions *in limine.* Local Rule 3.01(g) applies, and the parties shall confer to define and limit the issues in dispute.

## III.    JOINT FINAL PRETRIAL STATEMENT

A.     **Meeting *In Person* -** On or before the date established in the above table, **lead trial counsel** for all parties and any **unrepresented parties** shall meet together ***in person*** pursuant to Local Rule 3.06(b) in a good faith effort to:

1.     settle the case;

2.     stipulate to as many facts and issues as possible;

---

[1] Absent leave of Court, each party is limited to filing a <u>single</u> Omnibus Motion *in limine*, which shall not exceed 25 pages.

3.      tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial (Local Rule 3.06(b)(3) and 3.07(a)); and prepare and exchange a final exhibit list on the Clerk's approved form (attached hereto) bearing a description identifying each exhibit and any objections thereto (Local Rule 3.07(b)).  It is anticipated that counsel will agree to the admission of the bulk of the opposing parties' exhibits without objection and shall designate on the exhibit list the exhibits which the Court may admit without objection at trial.  Absent good cause, the Court will **not** receive in evidence over objection any exhibits – including charts, diagrams, and demonstrative evidence – not presented to opposing counsel or unrepresented parties for inspection and copying at the required meeting or not listed in the Joint Final Pretrial Statement.  Photographs of sensitive exhibits (*i.e.*, guns, drugs, valuables) and of non-documentary evidence, and reductions of documentary exhibits larger than 8 ½" by 11", which are to be substituted for original exhibits after conclusion of the trial, must be presented to opposing counsel for examination at the meeting to prepare the Joint Final Pretrial Statement.  Objections to such photographs or reductions of exhibits must be listed in the Joint Final Pretrial Statement.  The parties are directed to contact the trial judge's courtroom deputy clerk to discuss exhibits and equipment to be used during trial; and

4.      exchange the names and addresses of all witnesses and a summary of their testimony.

B.      **The Joint Final Pretrial Statement**

1.      **Form of Joint Final Pretrial Statement -** On or before the date established in the above table, the parties shall file a Joint Final Pretrial Statement that strictly conforms to the requirements of Local Rule 3.06(c) and this Order.  **This case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due.**  Lead trial counsel for **all** parties, or the parties themselves if unrepresented, shall sign the Joint Final Pretrial Statement.  The Court will strike pretrial statements that are unilateral, incompletely executed, or otherwise incomplete.  Inadequate stipulations of fact and law will be stricken.  Sanctions may be imposed for failure to comply, including the striking of pleadings.  At the conclusion of the final pretrial conference, all pleadings are deemed to merge into the Joint Final Pretrial Statement, which will control the course of the trial.  Local Rule 3.06(e).

2.      **Exhibit List (Local Rules 3.06(c)(4) and 3.07(b)) -** The parties and counsel shall designate which exhibits will likely be offered into evidence at trial (the "A" List) and which exhibits *may* be offered into evidence at trial (the "B" List).  The Exhibit Lists shall be filed on the Clerk's approved form, which is attached hereto.  Unlisted exhibits will not be received into evidence at trial, except by order of the Court in the furtherance of justice.  *See* Local Rule 3.06(e).  The Joint Final Pretrial Statement must have attached each party's exhibit list on the approved form listing each *specific* objection ("all objections reserved" does *not* suffice) to each numbered exhibit that remains after full discussion and stipulation.  Objections not made – or not made with specificity – are waived.

3.      **Witness List (Local Rule 3.06(c)(5)) -** The parties and counsel shall designate which witnesses will likely be called (the "A" List), and also designate which witnesses may be called (the "B" List) .  Absent good cause, the Court will not permit over objection testimony from unlisted witnesses at trial.  This restriction does not apply to true rebuttal witnesses (*i.e.*,

witnesses whose testimony could not reasonably have been foreseen to be necessary).  Records custodians may be listed but will not likely be called at trial, except in the rare event that authenticity or foundation is contested.  For good cause shown in compelling circumstances, the Court may permit presentation of testimony in open court by contemporaneous transmission from a different location. Fed. R. Civ. P. 43(a).

4.     **Depositions -** The Court discourages the use of depositions, except for impeachment purposes.  At the required meeting, counsel and unrepresented parties shall exchange the pages and lines of each deposition (except where used solely for impeachment) to be published at trial.  The parties shall include in the Joint Final Pretrial Statement a page-and-line description of such testimony.  Ten days prior to trial, the parties shall file color-coded deposition transcripts, in full-page format, with objections noted in the margins.

5.     **Joint Jury Instructions, Verdict Form, Voir Dire Questions -** In cases to be tried before a jury, the parties shall attach to the Joint Final Pretrial Statement **a single jointly-proposed set of jury instructions in order of presentation to the jury**, together with a single jointly-proposed jury verdict form.  Local Rule 5.01(c).  The parties should be considerate of their jury, and therefore should submit short, concise special verdict forms.  The Court prefers pattern jury instructions approved by the Florida Supreme Court (in diversity cases) or the United States Court of Appeals for the Eleventh Circuit.  A party may include at the appropriate place in the single set of jointly-proposed jury instructions a contested charge, so designated with the name of the requesting party and bearing at the bottom a citation of authority for its inclusion, together with a summary of the opposing party's objection.  The Court will deny outright a proposed instruction that is "slanted" in any way.  The Court requires that the parties provide to the Court an **email[2] containing the jury instructions and verdict form in Microsoft Word® format**.  The parties may include in the Joint Final Pretrial Statement a single list of jointly-proposed questions for the Court to ask the venire during voir dire.

C.     **Coordination of Joint Final Pretrial Statement -** All parties are responsible for filing a Joint Final Pretrial Statement in full compliance with this order.  Plaintiff's counsel (or Plaintiff if all parties are proceeding *pro se*) shall have the *primary* responsibility to coordinate compliance with this Order.  *See* Local Rule 3.10 (relating to failure to prosecute).  If the plaintiff is proceeding *pro se*, defense counsel shall coordinate compliance.  If counsel is unable to coordinate such compliance, counsel shall timely notify the Court by written motion or request for a status conference.

D.     **Trial Briefs and Other Materials**

1.     **Trial Briefs -** The Court will discuss the issue of trial briefs at the pretrial conference.

2.     **Exhibit Notebook -** On the first day of a jury trial or non-jury trial, the parties shall provide to the Court two bench notebooks containing marked copies of all "A" List exhibits.

---

[2] Email should be sent to chambers_FLMD_Presnell@flmd.uscourts.gov

## IV.     MEDIATION

A.     **Purpose -** To minimize litigation cost and to secure the just, speedy, and inexpensive determination of this action, all parties shall participate in good faith in mediation.  *See* Fed.R.Civ.P. 1; Fed.R.Civ.P. 16(a)(5); Local Rules 1.01(b), 9.01(b).

B.     **The Mediator -** This Court prefers to appoint the certified mediator, if any, chosen by the parties in their Case Management Report.  If no such mediator has been chosen, the Court will designate a mediator pursuant to Local Rule 9.04.

C.     **Last Date to Mediate -** The parties shall complete the mediation conference on or before the mediation date set forth in the above table.  Despite Local Rule 9.05(d), *neither the mediator nor the parties have authority to continue the mediation conference beyond this date except on express order of the Court.*  In any Track Three case, complex case, or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties so that mediation is completed by the mediation deadline.

D.     **Mediator's Authority -** The mediator shall have all powers and authority to conduct a mediation and to settle this case as are described in Chapter Nine of the Local Rules, except as limited by this Order.  *The mediation shall continue until adjourned by the mediator.*  In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to the scheduled mediation.  At such time, the mediator may designate one or more coordinating attorneys who shall be responsible for conferring with the mediator regarding the mediation conference.  If necessary, the coordinating attorney may coordinate the rescheduling of a mediation conference within the time allowed in this Order.

E.     **General Rules Governing Mediation Conference**

1.     **Case Summaries -** Not less than **five business days** prior to the mediation conference, each party shall deliver to the mediator and serve a written summary of the facts and issues of the case.

2.     **Identification of Corporate Representative -** As part of the written case summary, counsel for each corporate party shall state the name and general job description of the employee or agent who will *attend and participate with full authority to settle* on behalf of the corporate party.

3.     **Attendance Requirements and Sanctions -** Each attorney acting as lead trial counsel and each party (and in the case of a corporate party, a corporate representative) with full authority to settle ***shall*** attend and participate in the mediation conference.  In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or policy limit.

4.     **Authority to Declare Impasse -** Participants shall be prepared to spend as much time as may be necessary to settle the case.  No participant may force the early conclusion of a mediation because of travel plans or other engagements.  Only the mediator may declare an impasse or end the mediation.

5.    **Restrictions on Offers to Compromise -** Evidence of an offer to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed.R.Evid. 408 (includes evidence of conduct or statements made in compromise negotiations) and Local Rule 9.07(b).   All discussion, representations and statements made at the mediation conference are privileged settlement negotiations.   Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery.   Fed.R.Evid. 408; Local Rule 9.07. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not.

F.    **Compensation of Mediators –** The mediator shall be compensated in accordance with an agreement between the parties and the mediator.   Unless altered by court order, the cost of the mediator's services shall be borne equally by the parties to the mediation.   Upon motion by the prevailing party at the conclusion of the case, the party's share of the mediator's expense may be taxed as costs.

G.    **Settlement and Report of Mediator -** A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator.   *See also* Local Rule 9.06(b) and 3.08.   Within **seven days** of the conclusion of the mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present and whether the case settled.   *See* Local Rule 9.06.   The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this Order.   *See* Local Rule 9.05(e), 9.06(a).

## V.    FINAL PRETRIAL CONFERENCE

A.    **Lead Trial Counsel and Parties -** If this order does not set a final pretrial conference date, the Court may later set a final pretrial conference by notice.   **Lead trial counsel and local counsel for each party, together with any unrepresented party, *must* attend the final pretrial conference in person unless previously excused by the Court.**   *See* Local Rule 3.06(d); Fed. R. Civ. P. 16(c).

B.    **Substance of Final Pretrial Conference -** Since this case must be fully ready for trial at the time that the Joint Final Pretrial Statement is due, at the final pretrial conference, all counsel and parties must be prepared and authorized to accomplish the purposes set forth in Fed.R.Civ.P. 16 and Local Rule 3.06, including formulating and simplifying the issues; eliminating frivolous claims and defenses; admitting facts and documents to avoid unnecessary proof; stipulating to the authenticity of documents; obtaining advance rulings from the Court on the admissibility of evidence; settling the dispute; disposing of pending motions; establishing a reasonable limit on the time allowed for presenting evidence; and such other matters as may facilitate the just, speedy, and inexpensive disposition of the action.   *See* Fed.R.Civ.P. 16(c)-(d).

**VI.    SANCTIONS -** The Court may impose sanctions on any party or attorney:  1) who fails to attend and to participate actively in the meeting to prepare the Joint Pretrial Statement or who refuses to sign and file the agreed document; 2) who fails to attend the Final Pretrial Conference or who is substantially unprepared to participate; 3) who fails to attend the mediation and actively participate in good faith, or who attends the mediation without full authority to negotiate a settlement, or who is substantially unprepared to participate in the mediation; or 4) who otherwise fails to comply with

this Order.  Sanctions may include but are not limited to an award of reasonable attorney's fees and costs, the striking of pleadings, the entry of default, the dismissal of the case, and a finding of contempt of court.  *See* Fed.R.Civ.P. 16(f) and 37; Local Rules 9.05(c), (e); 28 U.S.C. § 1927.

## VII.   TRIAL

A.   **Trial Before District Judge -** This Court typically sets a date-certain trial date for civil cases approximately three months prior to the trial term.  This date may be changed if necessary to accommodate the judge's criminal trial docket.

B.   **Trial Before a Magistrate Judge -** With respect to a civil case that remains pending before a District Judge as of the date of this Order, the parties may consent to proceed before a Magistrate Judge.  Consent must be unanimous.  A United States Magistrate Judge is available pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(a) to conduct all further proceedings in this case (or specified motions in this case), to conduct a jury or non-jury trial ***beginning on a date certain***, and to enter final judgment.  A party may appeal a final judgment of a Magistrate Judge to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from the district court.  28 U.S.C. § 636(c)(3);  Fed.R.Civ.P. 73.  A party is free to withhold consent without adverse substantive consequences.  28 U.S.C. § 636 (c)(2);  Fed.R.Civ.P. 73(b).  Consent forms are attached to this scheduling order.  Fed.R.Civ.P. 73(b); Local Rule 6.05.

C.   **Settlement -** Counsel shall immediately notify the Court upon settlement of any case.  Local Rule 3.08(a).  The parties shall notify the Court of any settlement or other disposition of the case which will eliminate the need for a jury by 11:30 a.m. on the last business day before the date scheduled for jury selection.  Failure to do so will subject each party to joint and several liability for jury costs.  Regardless of the status of settlement negotiations, the parties shall appear for all scheduled hearings, including the Final Pretrial Conference and for trial absent the filing of a stipulation of dismissal signed by all parties who have appeared in the action (or notice of dismissal if prior to answer and motion for summary judgment) AND a court notice canceling any such court proceedings.  Fed.R.Civ.P. 41(a).

**DONE AND ORDERED** at Orlando, Florida, June 11, 2020.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Attachments:   Exhibit List Form [mandatory form]
　　　　　　　Magistrate Judge Consent / Entire Case
　　　　　　　Magistrate Judge Consent / Specified Motions

Copies to:   United States Magistrate Judge
　　　　　　All Counsel of Record
　　　　　　All *Pro Se* Parties

# EXHIBIT LIST

_____ Government     _____ Plaintiff     _____ Defendant     _____ Court

**Case No.** _____

**Style:** _____

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witnesses | Objections / Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objections.  Otherwise, specifically state each objection to each opposed exhibit.  Please note that each date box on the left must be one inch wide to accommodate the Clerk's stamp.

AO 85 (Rev. 8/98) Notice, Consent and Order of Reference – Exercise of Jurisdiction of United States Magistrate Judge

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHIH-YI LI,**

        **Plaintiff,**

**v.**                                        **Case No:  6:19-cv-1249-Orl-31EJK**

**ROGER HOLLER CHEVROLET CO.,**

        **Defendant.**

_____

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE
### TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case, including a jury or nonjury  trial, and to order the entry of a final judgment.  Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.  If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

### CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c), and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including, the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Signatures | Party Represented | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

### ORDER OF REFERENCE

It Is ORDERED that this case be referred to the UNITED STATES MAGISTRATE JUDGE for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73 and the foregoing consent of the parties.

_____             _____

      DATE                                               UNITED STATES DISTRICT JUDGE

**NOTE:**    **RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHIH-YI LI,**

       **Plaintiff,**

**v.**                            **Case No:  6:19-cv-1249-Orl-31EJK**

**ROGER HOLLER CHEVROLET CO.,**

       **Defendant.**

_____

**CONSENT TO EXERCISE JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE**
**OVER DISPOSITIVE MOTIONS DESCRIBED UNDER 28 U.S.C. § 636(b)(1)(B)**

**CONSENT TO EXERCISE OF JURISDICTION**

      In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings and enter a final order as to each motion identified below.

MOTION(S)         _____

                         _____

| Party Represented | Signatures | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**ORDER OF REFERENCE**

      **IT IS ORDERED** that the above motions(s) be referred to the United States Magistrate Judge assigned to this case to conduct all proceedings and enter a final order on such motions(s) in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

_____          _____
       DATE                                  UNITED STATES DISTRICT JUDGE

NOTE:  RETURN THIS FORM TO THE CLERK OF COURT **ONLY IF** ALL PARTIES HAVE CONSENTED **ON THIS FORM** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.