# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHIH-YI LI,**

      **Plaintiff,**

v.                                          **Case No: 6:19-cv-1249-GAP-EJK**

**ROGER HOLLER CHEVROLET CO.,**

      **Defendant.**

## REPORT AND RECOMMENDATIONS

This cause comes before the Court on Defendant Roger Holler Chevrolet Co.'s Motion to Determine Entitlement to Attorneys' Fees (the "Motion"), filed May 27, 2021. (Doc. 107.) Upon consideration, I respectfully recommend that the Motion be granted in part and denied in part.

## I. BACKGROUND

On July 10, 2019, Plaintiff filed the present lawsuit, alleging violations of the Fair Labor Standards Act; the Florida Constitution, Article X, Section 24; the Florida Whistleblower Act; and the Family Medical Leave Act. (Doc. 1.) The Court granted Defendant's motion for summary judgment on May 5, 2021. (Doc. 101.) Defendant has now moved for attorney's fees (Doc. 107), which Plaintiff opposes (Doc. 108.)

## II. DISCUSSION

### A. Entitlement to Fees

Federal Rule of Civil Procedure 54 provides that, within fourteen days after the entry of judgment, a party may move the Court for an award of its attorney's fees and related nontaxable expenses, provided that an award of such fees is allowed by statute, rule, or other grounds. Fed. R. Civ. P. 54(d)(2).

Because the Court adjudicated Plaintiff's state law claims pursuant its supplemental jurisdiction granted by 28 U.S.C. § 1367(a), the undersigned applies Florida law in determining whether to award attorney's fees on those claims. *Jones v. United Space Alliance, LLC*, 494 F.3d 1306, 1309–10 (11th Cir. 2007); *see also James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1336, 1338 (S.D. Fla. 2007).

1. <u>Entitlement to Fees Under the FLSA</u>

The FLSA provides that the court "shall, in addition to any judgment awarded *to the plaintiff or plaintiffs*, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b) (emphasis added). There is no similar provision in the FLSA that provides for attorney's fees to prevailing defendants. *See id.* Defendants may recover their fees under the FLSA only when the plaintiff or plaintiff's counsel has acted in bad faith. *Turlington v. Atlanta Gas Light Co.,* 135 F.3d 1428, 1437 (11th Cir. 1998) ("[T]he FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith."); *see also Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 932–33 (11th Cir. 2013) (per curiam)

(unpublished) (affirming denial of award of attorney's fees to defendant because the district court found no bad faith on the part of the plaintiff).

"A party . . . demonstrates bad faith by delaying or disrupting litigation or hampering enforcement of a court order." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (quoting *Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). When assessing whether a party has acted in bad faith, the court focuses on the party's conduct and motive preceding and during litigation instead of on the validity of the claim. *Kreager v. Solomon & Flanagan*, 775 F.2d 1541, 1543 (11th Cir. 1985) (citing *Rothenberg v. Sec. Mgmt. Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir. 1984)). "Bad faith is a stringent standard that makes it difficult for a defendant to prevail." *Ellis v. All of My Sons Moving Storage of Orlando, Inc.*, No. 6:07-CV-2017-ORL-19DAB, 2009 WL 2496626, at *2 (M.D. Fla. Aug. 12, 2009) (citing *Murray v. Playmaker Servs., LLC*, 548 F. Supp. 2d 1378, 1382 (S.D. Fla. 2008)).

Here, Defendant argues it is entitled to an award of attorney's fees pursuant to the FLSA because Plaintiff brought his FLSA claims in bad faith. (Doc. 107 at 9–12.) Specifically, Defendant alleges that Plaintiff knew his claims were baseless, and Plaintiff admitted in his deposition that Defendant had paid him for all hours worked and that he was not aware of any instances in which he was paid improperly. (*Id.* at 11.) Defendant further argues that Plaintiff acted in bad faith during litigation after Defendant filed its summary judgment motion and pointed out the baseless nature of Plaintiff's claims. (*Id.*) Defendant alleges that even when faced with the motion, Plaintiff did not withdraw his claims, but instead filed a response in which he did not

- 3 -

materially dispute the evidence and failed to explicitly claim he worked uncompensated hours. (*Id.*) Defendant further alleges that Plaintiff acted in bad faith by mischaracterizing the testimony of General Manager Phil Collins to support Plaintiff's claim. (*Id.*) Plaintiff does not argue otherwise, as he does not oppose an award of fees under the FLSA[1]; instead, he argues that he is financially ruined and unable to pay. (Doc. 108 at 5.)

Based on the record, the undersigned finds that Plaintiff acted in bad faith litigating his FLSA claim. In his Complaint, Plaintiff alleged Defendant failed to pay him minimum wage for each hour worked and that at times they "were not paid any money for the hours worked." (Doc. 1 ¶ 42–43.) However, during Plaintiff's depositions, when asked if he was paid minimum wage during the time he worked for Defendant, Plaintiff responded, "Yes, they pay minimum wage by hour." (Doc. 74-1, 56:2.) Furthermore, when asked if there were any weeks he did not get paid the minimum wage, Plaintiff stated, "We get paid for the hourly minimum wage, we did." (Doc. 75-1, 79:4–5.) Plaintiff also testified that he "did not dispute" the fact that he was paid minimum wage for "every week in which [he] worked" and for the "hours he worked up to 40 hours." (*Id.* at 255:19-25.) Additionally, despite admitting that his minimum wage claim was not supported, Plaintiff did not seek to amend his

---

[1] Plaintiff's Opposition does not oppose an award of fees under the FLSA, FMWA, FMLA, or FWA. Instead, Plaintiff uses his opposition to allege instances of fraud and misconduct on behalf of the Defendant, as well as to request unpaid wages. (Doc. 108.) The undersigned previously addressed these arguments in its award of costs to the Defendant (Doc. 110 at 8–11) and thus declines to address them again here.

Complaint, nor did he concede this fact in summary judgment (*see* Doc. 84.) Instead, Plaintiff continued to prosecute what he knew was a frivolous claim. Accordingly, the undersigned finds that Plaintiff acted in bad faith.

Though Plaintiff does not oppose an award of fees under the FLSA, he argues that he is unable pay any attorney's fees. (Doc. 108.) Despite this claim, Plaintiff fails to provide the Court with any documentation attesting to his financial status. (*See id.*) Moreover, the Eleventh Circuit has explained that "a plaintiff's financial condition may not solely justify the district court's refusal to award any fee to a deserving defendant: 'A fee must be assessed which will serve the deterrent purpose of the statute, and no fee will provide no deterrence.'" *Kreager*, 775 F.2d at 1544 (quoting *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir.1982)). Thus, while the undersigned acknowledges Plaintiff's alleged inability to pay, this alone does not justify a denial of attorney's fees to Defendant, particularly since Plaintiff provided no documentation to support his claim of indigence.

Therefore, I recommend the Court find that Defendant is entitled to reasonable attorney's fees under the FLSA.

    2. <u>Entitlement to Fees Under the FMWA</u>

Plaintiff brought a claim pursuant to Title X, Section 24, of the Florida Constitution, which is codified as the Florida Minimum Wage Act ("FMWA") in Florida Statutes § 448.110. Article X, Section 24, states that "[p]ersons aggrieved by the violation of this amendment . . . upon prevailing . . . shall be awarded reasonable attorney's fees and costs." Fla. Const. art. X, § 24(e). The amendment also instructs

that "[i]t is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA *shall guide* the construction of this amendment and *any implementing statutes or regulations*." *Id.* § 24(f) (emphasis added). Though Defendant appears to argue that the FMWA's award of attorney's fees to a defendant follows the FLSA standards, at least one judge in this District has found it does not. *Kubiak v. S.W. Cowboy, Inc.*, No. 3:12-CV-1306-J-34JRK, 2017 WL 1080000, at *8 (M.D. Fla. Mar. 22, 2017) (finding that Fla. Stat. § 448.110(6)(c)(1) does not allow an award of attorney's fees to a prevailing Defendant).

In fact, the FMWA contains its own attorney's fee provision that closely mirrors the language of Article X, Section 24. It states, in pertinent part: "Upon prevailing in an action brought pursuant to this section, aggrieved persons shall recover the full amount of any back wages unlawfully withheld plus the same amount as liquidated damages and shall be awarded reasonable attorney's fees and costs." Fla. Stat. § 448.110(6)(c)(1). "[A] plain reading of the statute points to the conclusion that only a prevailing plaintiff is entitled to an award of fees and costs. This is so because it is axiomatic that an employer would not be an 'aggrieved person' seeking 'back wages' under this statute." *Kubiak*, 2017 WL 1080000, at *8. Thus, only a prevailing Plaintiff may recover attorney's fees under the FMWA.

Here, Defendant asserts that it is entitled to an award of attorney's fees pursuant to the FMWA (applying the FLSA standard) because Plaintiff acted in bad faith by bringing his FMWA claim. (Doc. 107 at 9–12.) However, Defendant cites no cases where attorney's fees are awarded under the FMWA to a prevailing defendant based

- 6 -

on a plaintiff's bad faith. Therefore, I recommend that the Court find that Defendant is not entitled to an award of attorney's fees under the FMWA.

3. Entitlement to Fees Under the FMLA

The Family and Medical Leave Act ("FMLA") states, in pertinent part, that "in addition to any judgment awarded to the plaintiff, [Courts shall] allow . . . reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant." 29 U.S.C.A. § 2617. Thus, by the plain language of the statute, only a prevailing plaintiff may recover attorney's fees for FMLA claims. *See Newton v. Suntrust Bank*, No. 6:05-CV-604-ORL-18DAB, 2006 WL 4826363, at *2 (M.D. Fla. Aug. 4, 2006) ("The Court agrees that there is no right to an award of attorney's fees under [the FMLA], for a prevailing defendant.").

Here, Defendant bases its recovery of fees on Plaintiff's bad faith in bringing and litigating this claim. (Doc. 108 at 9, 13–14.) However, Defendant cites no case where a defendant was awarded attorney's fees on an FMLA claim based on a plaintiff's bad faith. Therefore, I recommend that the Court deny Defendant's claim for attorney's fees on Plaintiff's FMLA claim.

4. Entitlement to Fees Under the FWA

The Florida Whistleblower Act ("FWA") permits a court to "award reasonable attorney's fees, court costs, and expenses to the prevailing party." Fla. Stat. Ann. § 448.104. In this case, Defendant was granted summary judgment on all counts, including his FWA claim, and a final judgment was entered in its favor. (Docs. 101, 102.) Therefore, Defendant is the prevailing party.

Courts have discretion in deciding whether to award attorney's fees under § 448.104. *New World Communications of Tampa, Inc. v. Akre*, 866 So.2d 1231, 1235 (Fla. 2d DCA 2003). With respect to a discretionary award of attorney's fees, the Eleventh Circuit has instructed that "the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees." *Sherry Mfg. Co. v. Towel King of Fla.*, 822 F.2d 1031, 1034 (11th Cir.1987) (addressing award of fees to a prevailing defendant in a copyright case); *see James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1336, 1339 (S.D. Fla.2007) (citing *Sherry* in addressing FWA fees demand). Nevertheless, even if the Court finds that a plaintiff proceeded in good faith on a non-frivolous claim, the Court may still award fees because "it is not a precondition to an award to show that the losing party acted in bad faith or brought a frivolous claim." *Id.* at 1035.

As noted in *Bush v. Raytheon Co.*, No. 8:07–cv–02087–T–24 AEP, 2009 WL 5128040, at *2 (M.D. Fla. Dec. 21, 2009), § 448.104 does not set out any particular elements for courts to consider in deciding whether an award of fees is appropriate. In *Blanco v. TransAtlantic Bank*, No. 07–20303–CIV, 2009 WL 2762361, at *2 (S.D. Fla. Aug. 31, 2009), the district court articulated five factors, derived from the FWA and other Florida fee statutes, which are non-exhaustive and non-controlling, but nonetheless may guide the court in assessing a claim for fees under this statute. The factors are: (1) whether the party's case was meritorious or frivolous; (2) the scope and history of the litigation, including whether the party continued to prosecute the action

despite the presence of an efficient resolution; (3) the parties' wealth disparity; (4) whether an award of fees would frustrate the FWA's remedial purpose by deterring worthy claimants; and (5) whether the party acted in good or bad faith. *Id.; see also Raytheon*, 2009 WL 5128040, at *2 (reciting factors laid out in *Blanco*). The undersigned considers the five factors below.

      i.    Whether Plaintiff's FWA Claim Was Meritorious or Frivolous

"A claim may be found to be frivolous where, on summary judgment, defendants prevail and the plaintiff has failed to introduce any evidence in support of her claims." *Smith v. Psychiatric Sols., Inc.*, 864 F. Supp. 2d 1241, 1263 (N.D. Fla. 2012), aff'd, 750 F.3d 1253 (11th Cir. 2014) (citing *Head v. Medford*, 62 F.3d 351, 355 (11th Cir.1995) (noting that findings of frivolity have generally been sustained when plaintiffs failed to introduce evidence supporting their claims)). Here, Plaintiff failed to produce any evidence on summary judgment in support of his claims. (*See* Doc. 101 at 9–10.) The Court found that Plaintiff "fail[ed] to point to any specific instances where he engaged in statutorily protected expression." (*Id.* at 10.) In addition, Plaintiff failed to specify any complaint he had made or "any evidence of a causal connection between a protected activity and his termination." (*Id.*) Thus, Plaintiff's FWA claim was frivolous, which weighs in favor of awarding attorney's fees to Defendant.

      ii.    The Scope and History of Litigation

Plaintiff brought this action against Defendant and numerous other parties that were subsequently dismissed because Plaintiff's Complaint contained no allegations that these parties harmed him. (Docs. 52 at 11–12; 59.) Plaintiff seemingly added these

parties only because they are corporations related to Defendant, though they were unrelated to his allegations. (Doc. 107 at 15.) During the course of the litigation, Plaintiff exchanged over a thousand pages of documents and engaged in depositions with Defendant. (*Id.* at 15.) The action lasted almost two years until the Court dismissed Plaintiff's claims on summary judgment. (Doc. 101.) As noted above, the Court's decision on summary judgment found that Plaintiff lacked any evidence to demonstrate he engaged in protected activity or that he was terminated for engaging in such activity. (*Id.* at 9–10.) However, despite lacking evidence for this claim, Plaintiff continued to pursue the action, resulting in substantial attorney's fees that Defendant had to incur to defend itself. (Doc. 107 at 15–16.) Therefore, the undersigned finds this factor weighs in favor of Defendant.

    iii.    The Parties' Wealth Disparity

As noted in supra Section II(A)(1), Plaintiff failed to provide the Court with any documentation attesting to his financial status. (Doc. 108.) As such, the Court is unable to assess any wealth disparity between the parties.

    iv.    Frustration of the FWA's Purposes

"The whistleblower's statute establishes Florida's public policy in favor of promoting the disclosure of wrongdoing and the protection of those who make such disclosure." *Bell v. Georgia-Pac. Corp.*, No. 5:04-CV-50OC10GRJ, 2005 WL 1618223, at *1 (M.D. Fla. July 6, 2005). Thus, ordering a litigant to pay a large amount of attorney's fees "could have an unwarranted 'chilling' affect upon other worthy

individual claimants," and frustrate the remedial purpose of the Florida Whistleblower Act. *Id.*

While this consideration would ordinarily weigh against awarding Defendant attorney's fees, in this case, it does not. Awarding Defendant attorney's fees would not deter *worthy* claimants. Here, Plaintiff acted in bad faith, caused the Defendant to undertake unnecessary expenditures to defend itself, and wasted the Court's resources on a frivolous claim. Thus, an award of attorney's fees in this case would not frustrate the purposes of the FWA.

     v.    Whether Plaintiff Acted in Bad Faith

The record shows Plaintiff acted in bad faith by knowingly pursuing his frivolous FWA claim. As noted above, Plaintiff did not have any evidence to support his FWA claim, yet he continued to pursue the action. *See supra* Section II(A)(4)(ii); (Doc. 101 at 9–10.) Additionally, when Defendant highlighted Plaintiff's lack of evidence in its summary judgment motion, Plaintiff did not withdraw the claim. (Docs. 73 at 18-24; 84 at 9–10; 90 at 6–10.) Therefore, the undersigned finds this factor weighs in favor of awarding Defendant attorney's fees under the FWA.

Considering the factors set forth above, the undersigned recommends that the Court find that Defendant is entitled to reasonable attorney's fees as the prevailing party of the FWA claim of the Complaint.

### III. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT in part** Defendant's Motion to Determine Entitlement to Attorney's Fees (Doc. 107.)
2. Find that Defendant is **ENTITLED** to reasonable attorney's fees under the **FLSA and FWA**.
3. **GRANT** Defendant leave to file a motion and affidavit attesting to the reasonableness and amount of attorney's fees incurred on the FLSA and FWA claims **within 14 days** of an order adopting this recommendation.
4. **DENY** the Motion as to all else.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 15, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties