# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SHIH-YI LI,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No:   6:19-cv-1249-GAP-EJK

ROGER HOLLER CHEVROLET CO.

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion for Attorneys' Fees (Doc. 107). On referral, Magistrate Judge Embry J. Kidd issued a Report and Recommendation granting in part and denying in part Defendant's Motion (Doc. 111). Plaintiff filed an Objection to the Report (Doc. 112) and Defendant filed a response (Doc. 115). Upon de novo review of the above, the Report will be confirmed and adopted.

### I.　　Background

Plaintiff Shih-Yi Li ("Li") sued his former employer, Defendant Roger Holler Chevrolet Co. ("Roger Holler"), for violations of the Fair Labor Standards Act (FLSA), Florida's constitutional minimum wage protections, the Florida Whistleblower Act (FWA), and the Family Medical Leave Act (FMLA). On May 5,

2021, the Court granted Roger Holler's motion for summary judgment and directed entry of judgment for Roger Holler on all counts. Doc. 101.[1] Roger Holler moved for attorneys' fees and Judge Kidd issued a Report and Recommendation that recommends the Court grant in part and deny in part the motion. Li filed an objection to that Report.

## II.     Legal Standard

In resolving objections to the recommendation of a magistrate judge, the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). De novo review requires independent consideration of factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). After conducting a careful and complete review of the findings and recommendations, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.    Analysis

The Report recommended that the Court award Roger Holler attorneys' fees under the FLSA and the FWA based on the finding that those claims were

---

[1] For a more detailed summary of the facts underlying this case, see the background section of that order. Doc. 101 at 1–4.

frivolous, and that Li brought them in bad faith.[2] Li objects, arguing that he did not bring his claims in bad faith and that he cannot pay a fee award.

**A. FLSA**

To begin, the Report's basis for recommending fees under the FLSA is factually and legally sound. "[T]he FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith." *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998). Li brought his FLSA claim in bad faith. He has argued, without evidentiary support, that Roger Holler failed to pay him minimum wage. He pressed these claims, even after acknowledging that he could not point to a single instance where Roger Holler did not pay him minimum wage for the hours he worked.[3] In his objection, Li attempts to shift the blame to his prior attorney. But he is acting pro se and still argues that Roger Holler paid him minimum wage and then "took it back" if he did not sell enough cars. *See* Doc. 112 at 7. Li continues to contradict his own

---

[2] The Report also recommended that the Court deny Roger Holler's motion with respect to the Florida Constitution and FMLA claims. Roger Holler did not object to these recommendations.

[3] In his argument against a bad faith determination, Li claims he found some unpaid checks from early 2015. Li did not raise this issue at summary judgment and, even if he had, his only evidence is an unsworn wage summary that he created himself. This is not sufficient to overcome a finding of bad faith.

testimony and make unsupported assertions. Roger Holler is entitled to attorneys' fees under the FLSA.[4]

### B. FWA

The Court also agrees with the Report that fees are appropriate under the FWA. The FWA states that "[a] court may award reasonable attorney's fees, court costs, and expenses to the prevailing party." Fla. Stat. § 448.104. A fee award is discretionary and, in determining whether to award fees, courts have applied the factors enumerated in *Blanco v. TransAtlantic Bank*, No. 07-20303-CIV, 2009 WL 2762361 (S.D. Fla. Aug. 31, 2009). Those are (1) whether the claim was meritorious or frivolous; (2) whether the opposing party acted in good or bad faith; (3) the scope and history of the litigation; (4) whether an award would frustrate the purposes of the FWA; and (5) the parties' wealth disparity. *Id.* at *2.

These factors plainly support an award of fees to Roger Holler. As with the FLSA claim, Li failed to support his FWA claim with any evidence and continues, at this late stage, to make representations and arguments unsupported by law or fact. His claims are frivolous, brought in bad faith, and an award would not deter

---

[4] Evidence of Li's financial status is pertinent to the amount the fee assessed, not whether Roger Holler is entitled to a fee under the FLSA. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985) ("a plaintiff's financial condition may not solely justify the district court's refusal to award any fee"). Any fee award must be made in consideration of "the deterrent purpose of the statute, and no fee will provide no deterrence." *See id.* (citation omitted). Therefore, the Court will consider Li's financial status when determining the award amount.

valid FWA claims. The only factor weighing in Li's favor is the wealth disparity of the parties. Although Li did not submit any evidence of his financial status to Judge Kidd, he has now submitted an affidavit and bank records reflecting that he has limited assets and that he relies on government benefits as his sole source of income. This disparity alone, however, does not support a denial of fees. Instead, the Court will consider the disparity when determining the appropriate amount of fees. *See Blanco*, 2009 WL 2762361, at *3–4 (in consideration of the wealth disparity between the parties, the court affirmed the movant's entitlement to fees but reduced the award).

### IV.     Conclusion

Accordingly, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. 111) is **ADOPTED** and **CONFIRMED** as set forth above.

2. Plaintiff's Objection to the Report and Recommendation (Doc. 112) is **OVERRULED**.

3. Defendant's Motion for Attorneys' Fees (Doc. 107) is **GRANTED** in part and **DENIED** in part. Defendant is entitled to reasonable attorney's fees under the FLSA and FWA.

4. Defendant shall file a motion and supporting documents supporting the reasonableness and amount of attorney's fees incurred on the FLSA and FWA claims within 14 days of the date of this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 6, 2021.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party