UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHIH-YI LI,

      Plaintiff,

v.                                            Case No: 6:19-cv-1249-GAP-EJK

ROGER HOLLER CHEVROLET CO.,

      Defendant.

### REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant's Motion for Attorney Fees (the "Motion"), filed December 30, 2021. (Doc. 119.) Plaintiff has filed a response in opposition. (Doc. 120.) Thus, the Motion is ripe for review. Upon consideration, I respectfully recommend that the Motion be granted in part.

## I.    BACKGROUND

On July 10, 2019, Plaintiff filed the present lawsuit, alleging violations of the Fair Labor Standards Act ("FLSA"); the Florida Constitution, Article X, Section 24 ("FMWA"); the Florida Whistleblower Act ("FWA"); and the Family Medical Leave Act ("FMLA"). (Doc. 1.) The Court granted Defendant's motion for summary judgment on May 5, 2021. (Doc. 101.) Thereafter, the Court determined that Defendant was entitled to reasonable attorney's fees and costs for defending itself

against Plaintiff's FLSA and FWA claims.[1] (Docs. 111, 116.) Defendant has filed the instant Motion to determine the amount of the reasonable fees. (Doc. 119.)

## II. STANDARD

The Court uses the familiar "lodestar" method to determine a reasonable fee award, which is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate(s) and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

"[A] reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (internal quotation marks omitted). As for the hours reasonably expended, counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

Finally, the party seeking an award of expenses bears the burden of submitting a request that enables the court to determine what expenses the party incurred and why it is entitled to an award of those expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

---

[1] The Court found Defendant was not entitled to reasonable fees and costs for defending itself against Plaintiff's FMLA and FMWA claims. (Docs. 111, 116.)

### III. DISCUSSION

Defendant seeks attorney's fees in the amount of $117,136.00. (Doc. 119 at 3.) The Court previously found that Defendant was entitled to attorney's fees and costs for defending itself against Plaintiff's FLSA and FWA claims (Docs. 111, 116), so the undersigned will address only the reasonableness of the hourly rate and the hours expended.

### A. Reasonableness of Hourly Rate

Defendant requests that the Court find the following hourly rates reasonable:

- Attorney Sherril M. Colombo                $435.00
- Attorney Ryan P. Forrest                   $315.00
- Attorney Miguel Angel Morel                $360.00
- Attorney Samantha E. Dunton-Gallagher      $375.00
- Paralegal Daniel R. Avery                  $175.00
- Paralegal James Gilbride                   $175.00

(Doc. 119 at 5.)

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.*

In the Motion, Defendant asserts that courts in this District have found similar hourly rates to be reasonable. (Doc. 119 at 7–11); *Island Stone Int'l Ltd. v. Island Stone India Priv. Ltd.*, No: 6:16-cv-656-Orl-40KRS, 2017 WL 5632719, at *8 (M.D. Fla. Nov. 3, 2017) (finding an award of $435.00 per hour to be appropriate for an attorney with 25 years of experience and that was board certified by the Florida bar); *Valentin v. Castillo Paint & Collision Shop, Inc.*, No. 8:16-cv-967-T-23TGW, 2016 WL 6868175, at *4 (M.D. Fla. Oct. 31, 2016) (finding $300.00 per hour was a reasonable fee for an attorney with 5 years of experience); *Perez v. Sanford-Orlando Kennel Club, Inc.*, No. 6:05-cv-269-Orl-28KR, 2009 WL 2500290, at *6 (M.D. Fla. Aug. 14, 2009) (FLSA case finding $275 per hour to be reasonable for a lawyer with 9 years of experience); *Cent. Fla. Sterilization, LLC v. Synergy Health AST, LLC*, No. 6:15-cv-2120-Orl-31TBS, 2017 WL 4465744, at *4 (M.D. Fla. Sept. 20, 2017), *report and recommendation adopted*, No. 6:15-cv-2120-Orl-31TBS, 2017 WL 4423608 (M.D. Fla. Oct. 5, 2017) (awarding rate of $175.00 per hour for paralegal services where the opposing party voiced no objection to the rate charged). Additionally, Attorney Colombo has 30 years of experience, she clerked for U.S. Magistrate Judge Barry Garber from 1992 to 1993 and she was designated a "Super Lawyer" in the field of labor and employment from 2007 to present. (Doc. 119 at 7.) Attorney Forrest has 8 years of experience and clerked for U.S. District Judge Sherri Polster Chappell from August 2016 to August 2018. (*Id.* at 8–9.) Attorney Morel and Dunton-Gallagher both have 12 years of experience and are licensed to practice in Florida. (*Id.* at 9–10.) Paralegals Avery and Gilbride both posses

over 20 years of experience as paralegals. (*Id.* at 10.)

Given the undersigned's own knowledge of market rates, and Attorney Colombo's declaration (Doc. 119-1), Defendant has demonstrated that $435 per hour for Attorney Colombo, $315 per hour for Attorney Forrest, $360 per hour for Attorney Morel, $375 per hour for Attorney Dunton-Gallagher, and $175 per hour each for Paralegals Avery and Gilbride are reasonable, particularly in light of Plaintiff's non-opposition[2] to the amount sought. *See, e.g.*, *Rizzo-Alderson v. Tawfik*, No. 5:17-cv-312-Oc-37PRL, 2019 WL 3324298, at *3 (M.D. Fla. July 1, 2019), *report and recommendation adopted*, *Rizzo-Alderson v. Eihab H. Tawfik*, No. 5:17-cv-312-Oc-37PRL, 2019 WL 3323432 (M.D. Fla. July 24, 2019) ("[C]ourts in the Middle District have awarded rates between $250 and $375 per hour in FLSA cases."); *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *7 (M.D. Fla. June 19, 2019), *report and recommendation adopted*, No. 8:19-cv-296-T-33CPT, 2019 WL 2929325 (M.D. Fla. July 8, 2019) (approving $400 hourly rate in an FLSA case for an attorney with 20 years of experience).

## B. Reasonableness of Hours Expended

The next step in the analysis is to determine what hours were reasonably expended. Attorneys "must exercise their own billing judgment to exclude any hours

---

[2] Although Plaintiff has filed a response to Defendant's Motion, the response does not appear to oppose the fee request. (Doc. 120.) Rather, Plaintiff responds stating that he does not own any assets that would be subject to collection and that he is therefore "collection proof." (*Id.*)

that are excessive, redundant, or otherwise unnecessary." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (unpublished) (internal quotation marks omitted). Courts may cut specific hours, or may engage in "an across-the-board cut," so long as the court adequately explains its reasons for doing so. *Id.*

Defendant seeks compensation for 337.70 hours, including 131.9 hours for Attorney Colombo, 163.9 hours for Attorney Forrest, 1.4 hours for Attorney Miguel Angel Morel, 3.2 hours for Attorney Dunton-Gallagher, 16.9 hours for Paralegal Avery and 20.4 hours for Paralegal Gilbride. (Doc. 119 at 5, 13.) Defendant asserts that it has reduced the time billed to exclude timekeepers who provided minimal input to this matter, time that was duplicative or clerical, and time solely spent litigating against Plaintiff's FMLA and FMWA claims. (*Id.* at 12.) Defendant asserts that it has reduced the total time spent from 605.1 hours to 337.70 hours. (*Id.*) Furthermore, Defendant contends that a reduction in the lodestar in not necessary because, although the Court found that Defendant can recover only for two of Plaintiff's four claims, Defendant prevailed on all of Plaintiff's claims and all the claims were "bound up in a common core of operative facts." (*Id.* at 13–14); *Norman*, 836 F.2d at 1302 ("Where all theories derive from a common core of operative facts, the focus should be on the significance of overall results as a function of total reasonable hours.").

The undersigned has reviewed the billing records for the attorneys and paralegals in this matter (Docs. 119-3, 119-4) and finds that the amount of time expended is due to be reduced. Defendant filed a motion to compel arbitration of the underlying matter; however, that motion was denied. (Docs. 29, 52, 59.) As such, time

spent on this motion should be excluded. Defendant has attempted to do so, but on review, the undersigned finds that two time entries relating to the motion to compel arbitration have not been excluded from the time calculation. These entries are:

| 09/23/19 | MAM | Confer with Sherrill Colombo re legal strategy and arguments to be raised in motion to compel arbitration and to dismiss claims against additional defendants for lack of standing. . | 0.50 | 180.00 |
|---|---|---|---|---|
| 04/09/21 | SMC | Review and revise the proposed order on the motion to compel arbitration. | 0.20 | 87.00 |

(Docs. 119-3 at 3; 119-4 at 24.) Thus, the .70[3] hours relating to the motion to compel arbitration will be excluded.

I find the remaining 337 hours reasonable, as the billing entries are limited to time spent litigating against Plaintiff's FLSA and FWA claims to the extent possible and do not include tasks that are clerical, secretarial, or excludable as unnecessary. *Cf. Johnson v. Potter*, 8:08–cv–1279–T–24TGW, 2011 WL 672347, at *4–5 (M.D. Fla. Feb.17, 2011) (reducing lodestar by 45% because where plaintiff succeeded on one of two claims and failed to segregate the hours). *See Popham v. City of Kennesaw*, 820 F.2d 1570, 1579–80 (11th Cir.1987) ("[I]f the [prevailing party] obtained only partial or limited success, the court may reduce the lodestar amount if it believes that amount is excessive in relation to the [prevailing party]'s relief. That decision rests in the discretion of the district court.") (internal quotation marks omitted).

---

[3] As the image above demonstrates, the attorney's fees requested in connection with the .70 hours are $180.00 and $87.00. Accordingly, the amount due to be subtracted from the total fee requested is $267.00.

## C. The Parties' Wealth Disparity

Courts in this circuit have considered the wealth disparity between parties when determining the amount of attorney's fees to award. *See Blanco v. TransAtlantic Bank*, No. 07-20303-civ, 2009 WL 2762361, at *2 (S.D. Fla. Aug. 31, 2009) (in consideration of the wealth disparity between the parties, the court affirmed the movant's entitlement to fees under the FWA but reduced the award); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985) (holding that the district court must consider in part, the plaintiff's financial resources for an award of attorney's fees to the defendant in an FLSA matter).

Here, Plaintiff has submitted to the Court copies of his bank statements from October 2021 through January 2019 showing monthly deposits of unemployment and social security payments of varying amounts totaling between $40.00 and $2,593.00 per month for the last 4 months of statements, and account balances typically under $4,000. (Doc. 112-6.) Plaintiff also provides a property tax statement for a bill of $2,515.38 for 2018 and a receipt for payment of $2,478.60 toward his 2020 property taxes. (Doc. 112-7.) Plaintiff further provides a copy of a dental treatment plan that estimates a total cost of $14,746.00. (Doc. 112-8.) Plaintiff's wife has signed an affidavit in which she attests that she is retired and that her only income is from her social security benefits. (*Id.* at 10–12.) She also attests that the couple jointly owns a vacant lot, which she states is exempt from any creditors' claim. (*Id.*) Plaintiff has also submitted an affidavit to the Court in which he attests that he has outstanding credit card debt of $31,113.77, that he provides more than half of the support for a dependent,

and that he now receives only income from social security because his unemployment income ended in September 2021. (Doc. 113.)

Defendant argues in the Motion that the Court should not consider the wealth disparity between the parties because Plaintiff has not shown a "cogent picture of his financial status." (Doc. 119 at 14.) Notably, Defendant has not provided any evidence as to its financial status despite the Court's stating that it would "consider the [wealth] disparity when determining the appropriate amount of fees." *Li v. Roger Holler Chevrolet Co.*, No. 6:19-cv-1249-GAP-EJK, 2021 WL 5769034, at *2 (M.D. Fla. Dec. 6, 2021). However, "[w]hile the information regarding the parties' respective wealth is limited, it nevertheless is sufficient to show that a huge chasm exists between Plaintiff's resources and those of the *corporate* Defendant[]." *Smith v. Psychiatric Sols., Inc.*, No. 3:08-cv-3/MCR/EMT, 2013 WL 2181101, at *6 (N.D. Fla. May 20, 2013) (emphasis added), *aff'd*, 750 F.3d 1253 (11th Cir. 2014). Thus, based on the evidence submitted by Plaintiff, the undersigned finds that there is an obvious wealth disparity between Defendant, a corporation that controls or is affiliated with multiple car dealerships, and Plaintiff, an individual relying solely on social security income. *See Blanco*, 2009 WL 2762361,*3 (S.D. Fla.2009) (noting that while a more "elaborate explanation of [the plaintiff's] financial condition would [have been] useful, [his] response [was] not so inadequate that it precludes consideration of the parties' wealth disparity" and that the disparity was "patent from the record"); *see also Bell v. Georgia Pacific Corp.*, No. 5:04-cv-50-Oc-10GRJ 2005 WL 1618223, *1 (M.D. Fla. 2009) (denying request for attorney's fees, in part, on the grounds that the disparity in wealth between the parties

was "obviously gross").

There is no mathematical formula for a reduction in attorney's fees based on wealth disparity, and courts in this circuit have varied in their approach to reductions. *See, e.g.*, *Smith*, 2013 WL 2181101, at *7 (reducing an attorney's fees award based on the parties' wealth disparity by 75% from $210,361.65 to $52,590.41); *Blanco*, 2009 WL 2762361, at *4 (adopting the magistrate judge's recommendation of a 20% reduction, taking into account the parties' wealth disparity, for a total award of $12,962.80); *Key W. Tourist Dev. Ass'n v. Zazzle, Inc.*, No. 10-10100-civ, 2013 WL 12248141, at *10 (S.D. Fla. Jan. 9, 2013), *report and recommendation adopted*, No. 4:10-10100-civ, 2013 WL 12248227 (S.D. Fla. Mar. 12, 2013) (reducing attorney's fees by 75% in a copyright case to account for the wealth disparity between the parties). However, attorney's fees "should not be so high as to be financially ruinous to a losing litigant." *Smith*, 2013 WL 2181101, at *7.

Taking into account Plaintiff's income and resources, an attorney's fee award of $116,869.00[4] "would be devastating to Plaintiff as an individual earner, while receipt of that amount—or even a somewhat higher or significantly lower one—would scarcely be felt by the corporate Defendant[] in this case." (*Id.*) Therefore, I recommend that the Court adjust the lodestar to account for the wealth disparity between the parties, with an across-the-board reduction of 75%. Doing so results in an attorney's fees award of $29,217.25.[5] The undersigned believes that this award would

---

[4] $117,136.00 - $267.00 reduction ($180.00 + $87.00) = $116,869.00
[5] $116,869.00 - ($116,869.00 * (75 / 100)) = $29,217.25.

- 10 -

adequately address the wealth disparity between the parties, yet still effectuate the policy reasons underlying the awarding of attorney's fees in these types of cases, as it amounts to approximately two years of income as earned by Plaintiff currently.[6] Such an award "is sizable enough to serve as an effective deterrent against the filing of meritless actions while not frustrating the FWA's [or FLSA's] remedial purpose, because the specter of such an award would not deter *worthy* claimants." (*Id.*) Accordingly, I recommend that the Court award Defendant a total of $29,217.25 in attorney's fees.

## IV. RECOMMENDATION

Upon consideration of the foregoing, I respectfully recommend that the Court:

1. **GRANT in part** the Motion (Doc. 119).
2. **AWARD** Defendant **$29,217.25** in attorney's fees.

---

[6] Plaintiff attests that he receives $1,173.50 in social security benefits per month, or $14,082.00 per year, and that this is currently his sole income. (Doc. 113.)

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on February 17, 2022.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE